United States District Court
Southern District of Texas
**ENTERED**
August 10, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LYDIA BHATTI, RITA ZAMORA, and JAVED BHATTI, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 16-2090 |
| JEFF SESSIONS, United States Attorney General, *et al.*, | § § § § | |
| Defendants. | § § | |

**MEMORANDUM AND RECOMMENDATION**

Before the Magistrate Judge upon referral from the District Judge is Defendants' Motion to Dismiss, Alternatively Motion For Summary Judgment (Document No. 15), in which Defendants seek dismissal of the claims against them under Fed. R. Civ. P. 12(b)(1), Fed. R. Civ. P. 12(b)(6); or in the alternative, request summary judgment under Fed. R. Civ. P. 56. Having considered the motion, Plaintiffs' failure to file a response to the motion, the claims and allegations in Plaintiffs' Complaint, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendant's Motion to Dismiss under Rule 12(b)(6) be GRANTED.

I.  **Introduction and Procedural History**

With claims asserted under the Declaratory Judgment Act and the Mandamus Act, Plaintiffs seek to set aside or otherwise render ineffectual a prior determination made by the United States Citizenship and Immigration Services ("USCIS") that the marriage between Plaintiffs Lydia Bhatti and Javed Bhatti was fraudulent. According to Plaintiffs, that prior determination is

1

adversely affecting the I-130 application Plaintiff Rita Zamora has filed on behalf of her spouse, Javed Bhatti. The Government seeks dismissal of Plaintiffs' claims, arguing alternatively, that the Court lacks subject matter jurisdiction over the claims and/or that Plaintiffs have failed to state a claim for which relief may be granted. Plaintiffs have not, to this date, filed a response to the Government's Motion to Dismiss.

## II.   Background

Plaintiff Javed Bhatti came to the United States from Pakistan in 2000. He married Lydia Linares (Plaintiff "Lydia Bhatti") on April 26, 2004, and she thereafter filed an I-130 application, "Petition for Alien Relative," on his behalf. In 2006, Javed Bhatti and Lydia Bhatti separated. While separated, Lydia Bhatti became pregnant and gave birth to her second child via Caesarian Section. Plaintiffs allege that following the birth of that child, and while on pain medications, ICE/USCIS officials arrived at the place where Lydia was living and obtained a statement from her that her marriage to Javed Bhatti was a "sham." Lydia Bhatti thereafter withdrew her I-130 application, and in October 2007, Javed Bhatti and Lydia Bhatti divorced.

Javed Bhatti married Plaintiff Rita Zamora on August 19, 2010. Three days thereafter, Rita Zamora filed an I-130 application on behalf of Javed Bhatti. That I-130 application was denied on March 15, 2011, on the basis that Javed Bhatti's previous marriage to Lydia Bhatti was a sham, and the Board of Immigration Appeals denied Zamora's administrative appeal of that decision on April 13, 2012. Rita Zamora then filed a Petition for Review of that administrative decision with the Fifth Circuit Court of Appeals. The Fifth Circuit transferred the case to the District Court in June 2013, after which the Court, on the parties' cross motions for summary judgment, determined that there was "substantial evidence" to support the underlying,

2

administrative decision that Rita Zamora had not proven the marriage between Lydia Bhatti and Javed Bhatti was bona fide. *See* Document Nos. 38 and 44 in *Zamora v. Holder*, Civil Action No. H-13-2022 (S.D. Tex.). While Rita Zamora appealed that decision to the Fifth Circuit, the appeal was later dismissed on Zamora's motion. *Zamora v. Lynch*, No. 14-20685 (July 27, 2015).

In August 2015, Rita Zamora filed a second I-130 application on behalf of Javed Bhatti. That second application was denied in September 2016, after Rita Zamora and Javed failed to appear for their scheduled interview. That denial was upheld at the administrative level on September 22, 2017.

This case was filed by Plaintiffs on July 13, 2016. Other than the service of process issues which were addressed by the Court in an Opinion and Order entered on October 13, 2017, Plaintiffs have done very little to prosecute their claims. In addition, as set forth above, Plaintiffs have all failed to file a response to Defendants' Motion to Dismiss.

### III. Standard of Review

Defendants seek dismissal of Plaintiffs' claims for lack of subject matter jurisdiction and/or for failure to state a claim for which relief may be granted, arguing, essentially, that: (1) Plaintiffs Lydia Bhatti and Javed Bhatti have no standing to challenge the determination made by USCIS in connection with Rita Zamora's I-130 application; and (2) res judicata bars consideration of the claims and requested relief in this case.

Because Defendants' standing argument is not a constitutional one, but instead a statutory one, and because res judicata is an affirmative defense, which may be considered in the context of a Rule 12(b)(6) motion, *see Rangel v. Case & Assocs. Properties, Inc.*, No. P-18-CV-00076-DCG, 2018 WL 3420825, at *2 (W.D. Tex. July 12, 2018) ("[d]ismissal under Rule 12(b)(6) on *res*

3

*judicata* grounds may be appropriate when the elements of *res judicata* are apparent on the face of the pleadings," with the court being able to "take judicial notice of matters of public record, including publicly available court documents filed in a prior case."), the Magistrate Judge concludes that it is the Rule 12(b)(6) standard that should be applied. *See Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011) ("Unlike a dismissal for lack of constitutional standing, which should be granted under Rule 12(b)(1), a dismissal for lack of prudential or statutory standing is properly granted under Rule 12(b)(6)").

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236

(1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950. It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, at 1950.

## IV. Discussion

In *Zamora v. Holder*, Civil Action No. H-13-2022, Plaintiff Rita Zamora challenged the decision of USCIS that denied the I-130 application she filed on behalf of Javed Bhatti in 2010. At issue in that case, as is at issue herein, was USCIS' determination that the marriage between Lydia Bhatti and Javed Bhatti was a sham, with that prior sham marriage determination affecting the eligibility of Zamora to seek an immigrant visa for her spouse, Javed Bhatti. The decision in *Zamora* is both instructive, and controlling.

As set out in *Zamora*, an I-130 application can be filed by a United States citizen to obtain a visa for an alien relative. Pursuant to 8 U.S.C. § 1154(c), however, an I-130 application cannot be approved if "the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws." That is what was at issue in *Zamora*, and what is at issue in this case.

In determining that issue against *Zamora*, the Court first noted that it was Zamora's burden to show that the marriage between Lydia Bhatti and Javed Bhatti was "bona fide," meaning that the couple "'intended to establish a life together at the time of their marriage.'" *Brown v. Napolitano*, 391 F.App'x 346, 350 (5th Cir. 2010) (quoting *Matter of Pazandeh*, 19 I & N Dec. 884, 887 (BIA 1989)). The Court then recited the evidence in the administrative record and concluded that

Zamora had failed to meet her burden to show that the marriage between Lydia Bhatti and Javed Bhatti was "bona fide," and had "likewise not shown that the agency decision [denying her I-130 application] was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Zamora* at 18. Here, while Plaintiffs premise their claims for declaratory and mandamus relief on their allegations that Defendants obtained false statements against Javed Bhatti, intimidated and coerced Lydia Bhatti, and violated their due process and equal protection rights, the allegations and facts supporting those claims are the same facts and allegations that were at issue in *Zamora*.

In explaining its decision that Zamora had not met her burden to show that the marriage between Javed Bhatti and Lydia Bhatti was "bona fide," the Court in *Zamora* wrote:

> The administrative record in this case provides evidence that [Javed] Bhatti and [Lydia Bhatti] maintained separate homes for a significant part of their marriage. For example, the evidence is uncontroverted that for much, if not most of their marriage, [Lydia Bhatti] lived with her mother at 8322 Blacksmith Street. From 2004 to 2007, [Lydia Bhatti] repeatedly used the Blacksmith Street address on official documents, and included it on applications for food stamps and Medicaid. In both 2006 and 2007, [Lydia Bhatti] went so far as to claim that she was a single mother, living at 8322 Blacksmith Street on her application for Pregnant Women's Medicaid. [Lydia Bhatti] also told the USCIS officers that she lived with her mother at the Blacksmith address. During this interview, she provided a handwritten statement to the officials, stating "I believe he married me for his green card. Haven't seen him for a long time . . . I reside with my mother and children." Although Zamora claims [Lydia Bhatti] was coerced into making this statement, it is consistent with all of the other evidence in the record, including the documents provided by the Texas Health and Human Services Commission. Other than the affidavits that were provided well after the July 2007 interview, there is no evidence to support Zamora's contention that [Lydia Bhatti] withdrew her I-130 petition because she was under duress.
>
> However, the fact that [Javed] Bhatti and [Lydia Bhatti] lived apart for most of their marriage, is not the only factor that was relied upon by the District Director in denying Zamora's petition. The record shows that, while she was married to [Javed] Bhatti, [Lydia Bhatti] gave birth to two children, both of whom were fathered by Juan Ortiz. [Lydia Bhatti] also stated that [Javed] Bhatti did not even know about the second pregnancy in 2006. Further, as emphasized in the

6

>     Director's decision, there was little evidence, and no reliable evidence, that the parties commingled their assets. While [Javed] Bhatti and [Lydia Bhatti] submitted some records of a joint bank account, [Javed] Bhatti also provided false information on the bank application. For instance, while the bank application states that [Javed] Bhatti had lived at 6600 Dunlap Street for nine years, his immigration records show that he was in Pakistan until 2000. [Javed] Bhatti also claimed that he worked for Wells Fargo on his application, however, he testified to the USCIS that he was employed by Kureshi, Inc. at that time. Finally, the account balance was $500, the minimum to open an account, and there is no evidence that any money was ever deposited into this account after it was opened.
>
>     Finally, there is negligible evidence that [Javed] Bhatti and [Lydia Bhatti] communicated during the time that they lived apart. Indeed, much of the scant proof presented post-dated Zamora's own visa application on [Javed] Bhatti's behalf. While Zamora provides two recent affidavits from [Lydia Bhatti] that recant her 2007 written statement, these new statements are inconsistent. In one statement, [Lydia Bhatti] claims that the couple was separated during the July 2007 interview, while, in the other statement, she claims that they were living together at that time. The affidavits submitted by [Lydia Bhatti's] relatives are equally tentative. While the [Lydia Bhatti] family members state that [Javed] Bhatti and Lydia [Bhatti] had a good relationship, the court is persuaded by the Director's finding that there is no "information about their living arrangements or the details of their relationship." (Car at 5-6). Finally [Lydia Bhatti] swore under oath that she and [Javed] Bhatti believed that his immigration processing "would be faster," if they filed as a married couple. It is not until the later affidavits that [Lydia Bhatti] contends that she wanted to build a life with [Javed] Bhatti.

*Zamora*, Civil Action No. H-13-2022, Memorandum and Recommendation on Cross Motions for Summary Judgment, at 16-18 (Document No. 38), *adopted* by United States District Judge Vanessa Gilmore on September 10, 2014 (Document No. 44). It is this prior decision Defendants contend have preclusive effect on the claims in this case. But, prior to considering Defendants' res judicata argument, it must first be noted that Plaintiffs Lydia Bhatti and Javed Bhatti have no standing to challenge, or otherwise seek any relief vis-à-vis, any I-130 application Rita Zamora has filed on behalf of Javed Bhatti.

A.  **Standing**

8 C.F.R. § 103.3(a)(1)(ii) allows an "affected" party to appeal an adverse decision of the Board of Immigration Appeals. An affected party is "the person or entity with legal standing in a proceeding. It does not include the beneficiary of a visa petition." 8 C.F.R. § 103.3(a)(1)(iii)(B). Here, that means, as has been found in the First Circuit and this District, that Javed Bhatti, the beneficiary of Plaintiff Rita Zamora's I-130 applications, has no standing to challenge, or seek any relief relative to those applications. *See Echevarria v. Keisler*, 505 F.3d 16, 20 (1st Cir. 2007) (only the visa application "had standing to challenge the denial, 8 C.F.R. § 103.3(a)(1)(iii)(B))"; *Redeemed Christian Church of God v. United States Citizenship & Immigration Servs.*, No. CV H-13-2170, 2016 WL 3017135, at *9 (S.D. Tex. May 26, 2016) (dismissing for lack of standing visa beneficiary's challenge to USCIS' its denial of an I-360 Petition). As for Lydia Bhatti, her I-130 application that was filed on behalf of Javed Bhatti in 2004, was withdrawn by her in 2007. She cannot, now, collaterally challenge that withdrawal or any of the bases therefore, by seeking either mandamus or declaratory relief vis-à-vis Rita Zamora's subsequent I-130 application(s). Accordingly, neither Javed Bhatti nor Lydia Bhatti have standing to seek the declaratory or mandamus relief sought by them in their Original Complaint, and their claims for declaratory and mandamus relief should be dismissed.

As for the declaratory and mandamus relief sought by Plaintiff Rita Zamora, it is, as argued by Defendants, barred by res judicata.

B.  **Res Judicata**

Res judicata "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educational Services v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005), *cert. denied*, 547 U.S. 1055 (2006). A claim is barred by res judicata when: "(1) the

8

parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.*

In determining whether the parties in both suits are identical or in privity, the Fifth Circuit has held that privity exists in just three, narrowly-defined circumstances: (1) where the non-party is the successor in interest to a party's interest in property; (2) where the non-party controlled the prior litigation; and (3) where the non-party's interests were adequately represented by a party to the original suit." *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990). "A party may be found in 'privity' for res judicata purposes if 'the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application of the principle of preclusion.'" *XP Innovations Inc. v. Black Rapid, Inc.*, No. CIV.A. H-13-1856, 2013 WL 6230368, at *2 (S.D. Tex. Dec. 2, 2013) (quoting *Sw. Airlines Co. v. Tex. Int'l Airlines, Inc.*, 546 F.2d 84, 95 (5th Cir.1977)).

In determining whether "the same claim or cause of action was involved in both actions," the court looks to "whether the two actions are based on the 'same nucleus of operative facts.'" *Test Masters*, 428 F.3d at 571. "[I]f the primary right and duty and the delict or wrong are the same in each action, the cause of action is the same." *Hall v. Tower Land & Investment Co.*, 512 F.2d 481, 483 (5th Cir. 1975). In addition, regardless of the actual claims raised in an action, "[r]es judicata extends beyond claims that were actually raised and bars all claims that 'could have been advanced in support of the cause of action on the occasion of its former adjudication . . . " *Maxwell v. U.S. Bank Nat'l Assn.*, 544 Fed. App'x 470, 472 (5th Cir. 2013) (quoting *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990)).

Here, each of the four requirements for an application of res judicata exists. First, Rita

9

Zamora was a party to the *Zamora* case and is a party to this action.[1] Second, the judgment in *Zamora* was rendered by a court of competent jurisdiction. Third, the judgment in *Zamora* was concluded by a final judgment, and the subsequent appeal of that judgment was dismissed. Fourth and finally, the claims and issues in *Zamora* are essentially the same claims and issues in this case. Any difference in the type of claim(s) raised, or the iterations of those claims, is immaterial given that the underlying facts and allegations are the same. *See Matter of Howe*, 913 F.2d 1138, 1144–45 (5th Cir. 1990) (where the "present allegations merely assert new theories based on the same nucleus of operative facts" as that at issue in a prior proceeding, for res judicata purposes the claims and causes of action were the same). Because res judicata bars Plaintiff Rita Zamora's claims for declaratory and mandamus relief, those claims should be dismissed.

C.   **Rehabilitation Act Claim(s)**

Although not specifically pled as an independent claim, Plaintiffs allege that the 2007 interview of Plaintiff Lydia Bhatti by USCIS officials following the birth of her second child, while she was on pain medication, constitutes discrimination based on a disability, in violation of the Rehabilitation Act. Defendants maintain that such a claim under the Rehabilitation Act, if one was intended by Plaintiffs, is time-barred.

A claim under the Rehabilitation Act is subject to a two year statute of limitations. *Hickey v. Irving Indep. Sch. Dist.*, 976 F.2d 980, 982-83 (5th Cir. 1992). As for when a claim under the Rehabilitation Act accrues for purposes of that two year statute of limitations, "the rule is that accrual occurs when a plaintiff has a complete and present cause of action, that is, when the

---

1 Defendants argue in their Motion to Dismiss that Plaintiffs Javed Bhatti and Lydia Bhatti were in "privity" with Plaintiff Rita Zamora vis-à-vis the *Zamora* case because they were the subjects of the *Zamora* case, and their interests were at stake. While that reasoning on the privity issue is sound, *see Southmark Properties v. Charles House Corp.*, 742 F.2d 862, 869 (5th Cir. 1984), there is no need for a determination on the privity issue because neither Lydia Bhatti nor Javed Bhatti have standing to pursue the relief they seek in this case relative to Zamora's I-130 application(s).

10

plaintiff can file suit and obtain relief. In other words, accrual occurs the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Tapp v. Univ. of Texas Health Scis. Ctr. at Houston-Sch. of Dentistry*, No. CIV.A. H-11-2971, 2011 WL 6339819, at *1 (S.D. Tex. Dec. 19, 2011), *aff'd*, 538 F. App'x 508 (5th Cir. 2013) (citing *Frame v. City of Arlington*, 657 F.3d 215, 238 (5th Cir. 2011)).

Here, Plaintiffs allege that Lydia Bhatti was under a disability in 2007, when she was interviewed by USCIS officers while on pain medication. It was on that date, or when Lydia Bhatti discontinued her pain medication(s), that her "disability" claim under the Rehabilitation Act accrued. That date far surpasses the two year statute of limitations for the filing of a Rehabilitation Act claim. Accordingly, as argued by Defendants, any claim asserted by Plaintiffs, or intended to be asserted, under the Rehabilitation Act, is time-barred, and subject to dismissal.

## V. Conclusion and Recommendation

Based on the foregoing, and the conclusions that neither Plaintiff Lydia Bhatti nor Javed Bhatti have standing to challenge or seek relief relative to any I-130 application Rita Zamora has filed, that res judicata bars the claims Plaintiff Rita Zamora asserts in this case, that that any claim Plaintiff Lydia Bhatti asserted or attempted to assert under the Rehabilitation Act is time-barred, the Magistrate Judge

RECOMMENDS that Defendants' Defendants' Motion to Dismiss (Document No. 15) be GRANTED and Plaintiffs' claims all be DISMISSED WITH PREJUDICE for failure to state a claim.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file

written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), cert. denied, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 10th day of August, 2018.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE